ENRIQUE CAMPOS DEL TORO, Plaintiff and Appellee, v. OFELIA COLLAZO DE SOTORRA ET AL., Defendants and Appellants.

No. 5949. Argued February 15, 1932.—Decided February 17, 1932.

A. Reyes Delgado for appellants. E. Campos del Toro, in pro. per., for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Appellee moves to dismiss the present appeal as frivolous.

Appellants were the defendants in an unlawful detainer proceeding. Their main defense was a collateral attack on plaintiff's title. Plaintiff had acquired the property in controversy as judgment creditor and purchaser at an execution sale.

The theory of appellants is that the execution sale was a nullity because of a pending appeal from the judgment upon which the execution had issued. The notice of appeal from that judgment was filed more than thirty days after the

secretary had filed a copy of the notice of such judgment. Appellants rely on section 322 of the Code of Civil Procedure.

By the terms of section 2 of an Act approved March 9, 1911 (Session Laws, p. 226, Comp. Stat., sec. 5338), the time within which an appeal may be taken begins to run from the date upon which a copy of the notice of judgment is filed among the papers by the clerk, not from the date of service of such notice. Section 322 is therefore inapplicable.

Appellants also say, however, that the house in question was not identified at the trial as the house occupied by defendants. The complaint was not verified. The answer contained a general denial. The judgment included an award of costs to plaintiff. The evidence adduced at the trial is not before us. At the present stage of the matter we are not prepared to say that the judgment, including the pronouncement as to costs, should be permitted to stand.

The motion must be denied.